IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIELLE FONTENOT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:21-cv-1178 |
| | § | |
| COMMUNITY COFFEE COMPANY LLC, | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW Plaintiff Danielle Fontenot, (hereinafter referred to as "Fontenot" or "Plaintiff"), complaining of Defendant Community Coffee Company LLC ("Community Coffee" or "Defendant") for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"). Fontenot demands a jury for any and all issues triable to a jury. This action seeks declaratory, injunctive and equitable relief; compensatory, liquidated and actual damages; and costs and attorneys' fees for the adverse actions suffered by Fontenot due to Defendant taking such adverse employment actions against her in violation of Title VII and Section 1981.

## PARTIES

1. Plaintiff Danielle Fontenot is an individual who resides in Houston, Harris County, Texas.

2. Defendant Community Coffee Company LLC is a company doing business within the state of Texas and maintaining its principle place of business with the state. Defendant may

1

be served by serving its registered agent Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3. Plaintiff at all times herein relevant was an employee, de facto employee, or applicant for employment with Defendant.

4. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of Title VII. Defendant is an employer qualified to do business in Texas and employs more than 100 regular employees.

## JURISDICATION AND VENUE

5. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), and 42 U.S.C. § 1981.

6. Venue of this action is proper in this Court because a substantial part of the unlawful employment practices described herein were committed in the Southern District of Texas, and, on information and belief, all records relevant to the causes of action alleged in this complaint are kept in the Southern District of Texas. Venue is invoked pursuant to 28 U.S.C. § 1391.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a charge of discrimination (EEOC Charge NO. 460-2020-05275) with the Equal Employment Opportunity Commission ("EEOC") on August 4, 2020, to challenge the discrimination and retaliation suffered. Plaintiff received a right to sue letter on this charge and timely files this lawsuit to vindicate her rights. Plaintiff has exhausted all applicable administrative remedies.

**FACTS**

8. Defendant is a coffee roaster and distributor and is considered to be the largest family-owned coffee brand in the United States. Defendant has distribution in various markets throughout the country, including Houston, Harris County, Texas.

9. Fontenot began her employment with Defendant in August 2012 as an Assistant Brand Manager. Because of Fontenot's hard work and exceptional performance, Fontenot was promoted to the position of Account Executive in 2013 assigned to the Houston market in the company's West sales region. As an Account Executive, Fontenot was tasked with, among other things, acquiring new accounts and managing the sales cycles for customer accounts from initial contract through contract negotiations.

10. During her tenure as an Account Executive, Fontenot received numerous awards and recognition for being a top producing Account Executive in terms of sales and revenue goals. Fontenot received a company-wide top producer and sales award as recent as 2019.

11. In March 2020, Fontenot raised complaints of discrimination to Community Coffee's Human Resources department. Specifically, Fontenot complained that non-African American Account Executives in the West Region were not being held to similar target goals in comparison to African American Account Executives.

12. A few days following Fontenot's complaints of discrimination to Human Resources, Fontenot was placed on a performance improvement plan ("PIP"). Despite Fontenot's history of being a top performing Account Executive, her performance suddenly was substandard and necessitated her being placed on a PIP.

13. On April 9, 2020, Fontenot was informed that she was being included in a reduction in force ("RIF") and her employment with Community Coffee would be terminated.

At the time of the RIF, Fontenot was informed that the selection criterion for the RIF was based on market performance and employee tenure. Contrary to Community Coffee RIF's criteria, less-tenured employees in the West Region were retained but Fontenot was terminated. Corey Wicks, Robert Wicks, and LuAna Schramm were all Caucasian Account Executives in the West Region that were less tenured than Fontenot yet retained.

14. Within weeks following Fontenot's termination, Community Coffee informed Tom Thibodeau, a Caucasian individual, that he would be reassigned to an Account Executive position in the West Region. Mr. Thibodeau was tasked with the same duties and responsibilities as an Account Executive until he resigned from Community Coffee.

## CAUSE OF ACTION

### I.

### Title VII and Section 1981 Race Discrimination

15. At all times relevant to this lawsuit Plaintiff was, on account of her race, African American, a member of a protected class.

16. Defendant treated the Plaintiff less favorably in the terms and conditions of her employment than its similarly situated non African American employees because of her race, African American.

17. This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff.

18. As a result of Defendant's mistreatment, discrimination and harassment, and Defendant's refusal to take remedial action Plaintiff's complaints, Plaintiff has suffered and continues to suffer damages in violation of Title VII and Section 1981.

19. By discriminating against Plaintiff, Defendant violated the prohibitions against race discrimination as found in Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981.

20. Additionally, the aforementioned discrimination was done with malice or with reckless disregard for the protected rights of the Plaintiff.

## II.

### Title VII and Section 1981 Retaliation

21. Plaintiff incorporates by reference each and every paragraph of the facts and allegations stated in this Petition as if fully pleaded at length herein.

22. Title VII and Section 1981 provides that an employer commits an unlawful employment practice if it retaliates or discriminates against a person who opposed a discriminatory practice or files a complaint.

23. An unlawful employment practice occurred in this instance because Defendant retaliated and discriminated against Plaintiff for opposing racial discrimination.

24. Plaintiff has suffered damages as a result of Defendant's actions.

### ATTORNEYS' FEES

25. Defendant's action and conduct as described herein and the resulting damages and loss to Plaintiff has necessitated Plaintiff retaining the services of LAW OFFICE OF CHUKWUDI EGBUONU, 4141 Southwest Freeway, Suite 390, Houston, Texas 77027 in initiating this proceeding. Plaintiff seeks recovery of reasonable attorney's fees. An award of reasonable and necessary attorney's fees to Plaintiff would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

## DEMAND FOR JURY TRIAL

26. Plaintiff hereby requests a jury trial for all triable claims.

## DAMAGES

27. As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## PRAYER

28. WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer herein, and then on final hearing, Plaintiff have judgment as follows:

   a. Declare Defendant's conduct in violation of Plaintiff's rights;

   b. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

   c. Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

   d. Judgment against Defendant for front pay by Plaintiff as alleged herein;

   e. Enjoin the Defendant from engaging in such conduct;

   f. Grant Plaintiff general damages for the damage to Plaintiff's reputation;

   g. Pre-judgment interest at the highest legal rate;

   h. Post-judgment interest at the highest legal rate until paid;

   i. Compensatory damages;

   j. Attorneys' fees;

   k. All costs of court expended herein;

l.     Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully submitted,

*/s/ Chukwudi Egbuonu\**
Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
LAW OFFICE OF CHUKWUDI EGBUONU
4141 Southwest Freeway, Suite 390
Houston, Texas 77027
Phone: (713) 635-9488
Fax:    (832) 426-5792
chuck@celawoffice.com

\* Attorney in charge for Danielle Fontenot