**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| DANIELLE FONTENOT, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIV. A. NO. 4:21-CV-01178 |
| § | |
| COMMUNITY COFFEE COMPANY § | |
| LLC, § | JURY TRIAL DEMANDED |
| § | |
| *Defendant*. § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Defendant Community Coffee Company, LLC ("Defendant") files this Response to Plaintiff Danielle Fontenot's Objections to the Magistrate Judge's Memorandum and Recommendation (Doc. No. 22 and Doc. No. 21, respectively), and respectfully shows the Court as follows:

Plaintiff's Objections have no merit and should be overruled. From the outset, Plaintiff appears to conflate the applicable legal standards in this case by arguing that the Magistrate Judge failed to apply the test in *Smith v. Amedisys, Inc.* Contrary to Plaintiff's assertions, however, the Magistrate Judge actually applied the same legal standard detailed in *Smith*. Specifically, the Magistrate Judge's Order stated that "the party asserting the defense of release is required to prove the elements of a contract…Once the existence of a release is properly pleaded or established, the burden shifts to the opposing party – Fontenot in this case – to allege facts that would support a legal basis for setting aside the release." Doc. No. 21, p. 4 (internal citations and quotations omitted). Similarly, the *Smith* court held "[t]o determine whether there was a knowing and voluntary waiver, the employer first bears the burden of establishing that its former employee signed a release that addresses the claims at issue, received adequate consideration, and breached the release. Then the burden shifts to the employee to demonstrate that the release was invalid

1

because of fraud, duress, material mistake, or some other defense." *Smith*, 298 F.3d at 441 (5th Cir. 2002) (internal citations and quotations omitted). Plaintiff's assertion that the Magistrate Judge "erred" by not applying *Smith* is disingenuous and misses the mark.

Likewise, Plaintiff's claim that the Magistrate Judge failed to apply the "relevant factors of the totality of the circumstances" test in Smith is also flawed. Plaintiff overlooks that the factors under the totality of the circumstances test are "not exclusive and, and a court need not address each of these six factors when determining whether a release was entered into knowingly and voluntarily. Rather, these are simply six 'relevant' factors to consider under the totality of the circumstances test." *Crow v. Am. Messaging Serv., L.L.C.*, No. 419CV00600SDJCAN, 2020 WL 6482420, at *7 (E.D. Tex. June 26, 2020), report and recommendation adopted in part, No. 4:19-CV-600-SDJ, 2020 WL 5554558 (E.D. Tex. Sept. 17, 2020) (citing *Hughes v. Grand Casinos, Inc.*, No. 99-60123, 1999 WL 1068293, at *2 (5th Cir. Oct. 22, 1999)). Here, the Magistrate Judge properly analyzed whether Plaintiff established a genuine issue of fact that the Separation Agreement was invalid because of fraud, duress, mistake and/or unconscionability. Plaintiff has not (and cannot) show that the Magistrate Judge failed to apply the correct legal standard.

Finally, in applying the correct legal standard, the Magistrate Judge correctly found, as a matter of law, that the summary judgment evidence did not raise a genuine issue of material fact regarding Plaintiff's contention that the alleged fraudulent representations by her managers invalidated the release in the Separation Agreement. Plaintiff conveniently does not refute the Magistrate Judge's findings that support the final conclusion and recommendation, such as:

- The Separation Agreement contained a clear provision regarding the release of any and all claims related to Fontenot's employment with Community Coffee.

- The Separation Agreement itself also advised Fontenot that she could consult with an attorney before signing/executing it and that she had forty-five (45) days to make up her mind about whether to sign/execute it.

- The terms of the Separation Agreement, particularly paragraph 7, override any claims by Fontenot that she signed the Separation Agreement under duress and/or that she was fraudulently induced into signing/executing the Separation Agreement.

- To the extent Fontenot states in her Declaration that her managers told her she had to sign the Separation Agreement and had to do so in order to receive her final paycheck, Fontenot could not have justifiably relied on her managers statements in light of paragraph 7 of the Separation Agreement.

- Moreover, Fontenot's economic position and financial stress does not establish the type of legal or economic duress that could invalidate the Separation Agreement.

Doc. No. 21, pp. 6, 8-9. Ultimately, Plaintiff's Objections do not provide the factual or legal support to sufficiently challenge the Magistrate Judge's holdings that there is no genuine issue of material fact on Plaintiff's claim that she signed the Separation Agreement under duress, or was fraudulently induced to sign/execute the Separation Agreement. As such, she has effectively waived any such objections. *E.g., Thomas v. Grundfos, CBS*, No. 20-20505, 2021 WL 4693055, at *1 (5th Cir. Oct. 7, 2021); *Stancu v. Hyatt Corp./Hyatt Regency Dallas*, 791 F. App'x 446, 449-50 (5th Cir. 2019); *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 340 (5th Cir. 2005); *see also Middaugh v. InterBank*, 528 F. Supp. 3d 509, 526 n. 3 (N.D. Tex. 2021) ("[A] party who objects to the magistrate judge's [FCR] waives legal arguments not made in the first instance before the magistrate judge.") (quoting *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998)).

For the foregoing reasons, Defendant Community Coffee Company, LLC respectfully requests that the Court overrule Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Devin S. Vasquez*
Monique Gougisha Doucette
*Admitted Pro Hac Vice*
monique.gougisha@ogletree.com
701 Poydras Street, Suite 3500
New Orleans, LA 70139

**ATTORNEY IN CHARGE FOR DEFENDANT**

**OF COUNSEL:**
Devin S. Vasquez
Texas SBN: 24098543
USDC SD/TX: 3027141
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas 77002
Phone: 713.655.0855
Fax: 713.655.0020
Devin.vasquez@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to counsel of record.

*/s/ Devin S. Vasquez*
Devin S. Vasquez